IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FORGE DENNIS MILEHAM,

    Petitioner,

v.

MR. PREMO,

    Respondent.

Civil No. 6:16-cv-00739-BR

OPINION AND ORDER

OLIVER W. LOEWY
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

    Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
SAMUEL A. KUBERNICK
Senior Assistant Attorney General
JAMES M. AARON
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Senior Judge.

Petitioner, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the First Amended Petition for Writ of Habeas Corpus (ECF No. 28).

## BACKGROUND

On October 12, 2007, a Hood River County grand jury returned a thirteen-count indictment against Petitioner. Five counts pertained to an August 2007 attack on Petitioner's first victim, and eight counts stemmed from a September 2007 attack against a second victim. The case was tried to the court in August 2008. With respect to the first victim, the trial judge found Petitioner guilty on two counts of Sexual Abuse in the First Degree and two counts of Rape in the First Degree. As to the second victim, the trial judge found Petitioner guilty of Rape in the First Degree, Assault in the Second Degree, two counts of Sodomy in the First Degree, and two counts of Unlawful Sexual Penetration.[1]

The trial judge sentenced Petitioner to a total of 320 months of incarceration. Following the sentencing hearing, the trial court conducted four hearings on restitution before ultimately entering a restitution order. Petitioner was not present at any of the restitution hearings, and did not waive his right to be there.

---

[1] The judge acquitted Petitioner on one count of Attempted Strangulation of the first victim and one count of Attempted Murder of the second victim.

Petitioner appealed his conviction and sentence. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *State v. Mileham*, 241 Or. App. 572, 250 P.3d 464, *rev. denied*, 350 Or. 423, 256 P.3d 1097 (2011). The appellate judgment issued on April 26, 2011.

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial court denied relief. Petitioner appealed, but again the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Mileham v. Taylor*, 275 Or. App. 1032, 367 P.3d 568, *rev. denied*, 359 Or. 39, 370 P.3d 1252 (2016). The PCR appellate judgment issued on May 18, 2016.

On April 29, 2016, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus with this Court. The Court appointed counsel, and on April 4, 2017, Petitioner filed a First Amended Petition alleging the following claims for relief:

> Claim I: Trial Counsel Rendered Ineffective Assistance of Counsel, in Violation of Petitioner's Sixth and Fourteenth Amendment Right to Effective Assistance of Counsel.
>
>     A. Trial Counsel Failed to Adequately Advise Petitioner Regarding the Advantages, Disadvantages, and Risks in Rejecting or Accepting the State's Plea Offers and Proceeding to a Bench Trial.
>
>     B. Trial Counsel Failed to Adequately Investigate Whether Petitioner Was Competent to Stand Trial and Failed to Move for a Competency Hearing.

3 - OPINION AND ORDER -

C.   Trial Counsel Failed to Ensure that Petitioner
               was Present at the Restitution Hearing.

          D.   Trial Counsel Failed to Adequately Pursue Plea
               Negotiations.

          E.   Trial Counsel Failed to Adequately Investigate
               and Present Evidence in Favor of a Lesser
               Sentence.

     Claim II: The Failure to Sever the Counts Concerning the
     Two Victims Violated Petitioner's Right to Due Process as
     Guaranteed by the Fourteenth Amendment to the United
     States Constitution.

     Claim III: Petitioner's Jury Waiver in Favor of a Bench
     Trial was Involuntary, in Violation of his Sixth
     Amendment Right to a Jury Trial and his Fourteenth
     Amendment Right to Due Process.

     Claim IV: The Trial Court Failed to Conduct a Competency
     Hearing.

     Claim V: Petitioner was Absent from his Restitution
     Hearings in Violation of his Sixth and Fourteenth
     Amendment Right to be Present.

In his Brief in Support, Petitioner does not address sub-part D of Claim I or Claims II, III, or IV. Petitioner concedes he procedurally defaulted sub-parts A, B, C, and E of Claim One, but contends the procedural default is excused. Finally, Petitioner argues he is entitled to relief on the merits on Claim V.

Respondent argues Petitioner failed to meet his burden on the unargued claims. Respondent also argues that Petitioner's procedural default of sub-parts A, B, and E of Claim I cannot be excused.[2] As to sub-part C of Claim I, Respondent argues the claim

---

[2]Respondent argues alternatively that sub-part E of Claim I is not timely, but as the Court resolves this claim on the principles

4 - OPINION AND ORDER -

is not cognizable under § 2254(a). Finally, Respondent contends Claim V is untimely and, in the alternative, that the state court denied Claim V on independent and adequate state procedural grounds.

## DISCUSSION

I. **Procedural Default - Sub-parts A, B, and E of Claim I**

As noted, Petitioner concedes that sub-parts A, B, and E of Claim I are procedurally defaulted. He argues, however, that the procedural default is excused under *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309 (2012). In *Martinez*, the Supreme Court held that "[i]nadequate assistance of counsel at initial review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel at trial." *Id.* at 1315. The holding in *Martinez* does not, however, extend to PCR appellate counsel. *See Id.* at 16 (explaining holding applies only to initial review proceedings, and not appeals from such proceedings); *Davila v. Davis*, 137 S. Ct. 2058, 2066-67 (2017) (same).

Before the state PCR trial court, Petitioner alleged and argued the claims alleged in sub-parts A, B, and E. On appeal, however, Petitioner did not assert any of these claims.[3]

---

of procedural default, Respondent's procedural default argument need not be addressed.

[3]Petitioner's counseled brief on appeal asserted only that the PCR trial court erred in denying relief on Petitioner's claim of

5 - OPINION AND ORDER -

Accordingly, the procedural default of sub-parts A, B, and E of Petitioner's Claim I occurred on post-conviction appeal, which cannot be excused under *Martinez*. As such, Petitioner is not entitled to habeas corpus relief on these claims.

## II. Cognizability - Sub-part C of Claim I

In sub-part C of Claim I, Petitioner alleges trial counsel was ineffective in failing to ensure he was present at the restitution hearings. Respondent contends this claim is not cognizable under § 2254.

"[A] federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cook*, 562 U.S. 216, 131 S. Ct. 859, 861 (2011) (quoting *Wilson v. Corcoran*, 562 U.S. 1, 131 S. Ct. 13, 15 (2010) (per curiam)). This language requires a nexus between the petitioner's claim and the unlawful nature of the custody in order for subject matter jurisdiction to exist. *Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010). Imposition of a fine or restitution is not "custody" and thus the "in custody" jurisdictional requirement

---

ineffective assistance of counsel based on trial counsel's failure to ensure Petitioner's presence at the restitution hearings; Petitioner's *Pro Se* Supplemental Brief assigned error to the PCR judge's denial of relief on the basis that trial counsel was ineffective in failing to seek recusal of the criminal trial judge and failing move to impeach a witness's testimony.

6 - OPINION AND ORDER -

of § 2254(a) is not met when a state inmate makes an in-custody challenge to a restitution order. *Id.*

Here, Petitioner does not challenge directly his restitution, instead he alleges trial counsel was ineffective in failing to ensure his presence at the restitution hearings. Nonetheless, the claim is not cognizable under § 2254(a). *See United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002) (finding such a claim is not cognizable in a challenge to a federal conviction and sentence under 28 U.S.C. § 2255); *United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999) (same); *see also Bailey*, 599 F.3d at 982 (as applied to this issue, §§ 2254(a) and 2255(a) are sufficiently analogous that *Thiele* and *Kramer* apply). Accordingly, Petitioner is not entitled to habeas relief on Claim V.

**III. Timeliness - Claim V**

In Claim V, Petitioner alleges the trial court violated his Due Process rights by holding the restitution hearings in his absence. As noted, Respondent contends this claim is untimely because Petitioner's First Amended Petition was filed beyond the one-year statute of limitations and Claim V does not relate back to any of the claims contained in the timely filed initial petition.

Under 28 U.S.C. § 2244(d)(1)(A), a petition filed by a prisoner challenging a noncapital state conviction or sentence must be filed within one year of the latest of the date on which the judgment of conviction became final after the conclusion of direct

7 - OPINION AND ORDER -

review or the expiration of the time for seeking such review. "Direct review" includes the period within which a petitioner can file a petition for writ of certiorari with the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

Here, the appellate judgment in Petitioner's criminal case issued on April 26, 2011, and became final on July 25, 2011, when the time to file a petition for writ of certiorari expired. Petitioner signed his state PCR petition 324 days later, on June 13, 2012. The PCR case remained pending until the appellate judgment issued on May 18, 2016. Petitioner filed his First Amended Petition 321 days later, on April 4, 2017. As such, a total of 625 days elapsed before Petitioner alleged the trial court erred in conducting the restitution hearings without Petitioner's presence or waiver of his right to be present. Petitioner's Claim V does not relate back to any of the claims alleged in his timely initial petition and, therefore, is barred by the statute of limitations. Because Petitioner presents no evidence upon which the limitation period may be equitably tolled or otherwise excused, habeas relief must be denied.

## IV. Claims Not Addressed in Petitioner's Brief in Support - Subpart D of Claim I, and Claims II, III, and IV

As noted above, Petitioner does not address the remaining claims in his Brief in Support of Amended Petition. Additionally, Petitioner does not attempt to refute Respondent's argument that these claims do not entitle him to habeas corpus relief. Accordingly, Petitioner has not sustained his burden of demonstrating why he is entitled to relief on his unargued claims. *See Lampert v. Blodgett*, 393 F.3d 943, 970 n. 16 (9th Cir. 2004) (petitioner bears burden of proving his case); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2003) (same). Nevertheless, the Court has reviewed Petitioner's unargued claims and is satisfied that Petitioner is not entitled to relief on the remaining claims alleged in his Petition for Writ of Habeas Corpus.

## CONCLUSION

For these reasons, the Court DENIES the First Amended Petition for Writ of Habeas Corpus (ECF No. 28) and DISMISSES this action. The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 11th day of ~~November~~ December, 2018.

ANNA J. BROWN
United States Senior District Judge

9 - OPINION AND ORDER -